William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: wpeterson@swlaw.com
  jprupas@swlaw.com

*Attorneys for Defendants Washoe Tribe of Nevada and California, and the Washoe Tribal Health Center*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOREN P. SIMPSON, M.D., LTC, U.S. ARMY RESERVE,<br><br>Plaintiff,<br><br>vs.<br><br>WASHOE TRIBE OF NEVADA AND CALIFORNIA AND THE WASHOE TRIBAL HEALTH CENTER,<br><br>Defendant. | Case No.: 3:18-cv-00054-LRH-WGC<br><br>**WASHOE TRIBE OF NEVADA AND CALIFORNIA, AND THE WASHOE TRIBAL HEALTH CENTER'S MOTION TO DISMISS** |

Defendants Washoe Tribe of Nevada and California, and the Washoe Tribal Health Center (collectively "Defendants" or the "Washoe Tribe and Tribal Health Center"), by and through their attorneys of record, Snell & Wilmer L.L.P., hereby file their Motion to Dismiss Loren Simpson's ("Plaintiff") Complaint for lack of subject matter jurisdiction and improper venue pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rule of Civil Procedure ("FRCP"). This Motion is based on the following Memorandum of Points and Authorities, the pleadings on file herein, and any argument or evidence this Court will entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

Plaintiff is a member of the Washoe Tribe. In this lawsuit, he is attempting to sue the

Washoe Tribe and Tribal Health Center in federal court. As demonstrated more fully below, the Washoe Tribe and Tribal Health Center have sovereign immunity from suit and this Court does not have jurisdiction over this action. Moreover, federal court is not the proper venue for such an action. As a result, this matter should be dismissed in its entirety.

## II. Factual Background

The Washoe Tribe is a federally recognized Indian Tribe. Complaint at ¶ 8. It is governed by a tribal constitution and duly adopted law and order code, which includes a sovereign immunity code at Title 33. WASHOE TRIBE OF NEVADA AND CALIFORNIA LAW AND ORDER CODE, TITLE 33, WASHOE SOVEREIGN IMMUNITY CODE §§ 33-20(6), 33-30-020 (2018) (hereinafter referred to as the "Washoe Sovereign Immunity Code"), attached as Exhibit A.

The Washoe Tribal Health Center is a tribal entity of the Washoe tribal government. It is presided over by a Health Advisory Committee, which is appointed by the Washoe Tribal Council. BYLAWS OF THE WASHOE TRIBAL HEALTH CENTER HEALTH ADVISORY COMMITTEE § 3.2 (Nov. 19, 2009) (hereinafter referred to as the "HAC Bylaws"), attached as Exhibit B. Through the Washoe Tribal Health Center, the Washoe Tribe provides primary health and contract health care services to tribal members pursuant to a compact of self-governance between the Washoe Tribe and the U.S. Department of Health and Human Services ("DHHS"). Complaint at ¶ 8. Under the self-governance compact, the Tribe assumes full funding and control over its health care service programs. *Id.*; Title V of the Tribal Self-Governance Amendments of 2000 ("TSGA"), Pub. L. No. 106-260, §§ 501-519, 114 Stat. 711, 713-31 (2000), *amending* Indian Self-Determination Act ("ISDA"), Pub. L. No. 93-638, §§ 101-10, 88 Stat. 2203, 2206-13 (1975), and other applicable federal laws and regulations.

Plaintiff Loren Simpson is an enrolled member of the Washoe Tribe. Complaint at ¶ 7. He was employed by the Washoe Tribal Health Center as a healthcare provider from August 30, 2004 until July 2016. Complaint at ¶ 10. Plaintiff brought this action against the Washoe Tribe and Tribal Health Center in which he claims violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Plaintiff alleges Defendants may be sued and their sovereign immunity simply disregarded based on *Consumer Protection Bureau v. Great*

*Plains Lending LLC, et al*, 846 F.3d 1049, 1056 (9th Cir. 2017). Complaint at ¶ 5. However, nowhere in Plaintiff's Complaint does he allege that Defendants have waived their sovereign immunity, as indeed, they have not.

### III. Legal Argument

#### A. Plaintiff's Suit Against the Washoe Tribe Is Barred By The Doctrine Of Sovereign Immunity.

Federal Courts, such as the Ninth Circuit Court of Appeals, have repeatedly applied sovereign immunity to shield tribes from suits. *See, e.g.*, *Linneen v. Gila River Indian Community*, 276 F.3d 489, 491 (9th Cir. 2002) (sovereign immunity barred suit against Gila River Indian Community, its Governor and tribal ranger). It is well-established that a federally recognized Indian Tribe is immune from suit in either federal or state court unless that immunity has been clearly waived by an Act of Congress or by the Indian Tribe. *Santa Clara Pueblo*, 436 U.S. at 68; *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 423 U.S. 751 (1998) (holding that the Kiowa Tribe could not be sued in federal court because it had sovereign immunity).

In this case, neither Congress nor the Washoe Tribe has waived the Tribe's sovereign immunity from suit. The fact that Plaintiff brought this action under USERRA does not help his position as there is nothing in that Act that waives the Washoe Tribe's sovereign immunity. *Stroud v. Seminole Tribe of Florida*, 574 F. Supp. 1043 (S.D. Fla. 1983) (doctrine of sovereign immunity bars civil rights action against Indian Tribe by white Anglo-Saxon female who alleged that Tribe terminated her position as education director for discriminatory reasons). Moreover, despite Plaintiff's contention that the holding in *Consumer Protection Bureau* grants the Court jurisdiction even when a sovereign immunity defense is raised, that decision is inapposite. Unlike in *Consumer Protection Bureau*, this lawsuit has not been brought by the federal government, but by a member of the Washoe Tribe. Complaint at ¶ 5. *Consumer Protection Bureau v. Great plains Lending LLC, et al*, 846 F.3d at 1056 (holding that the U.S. federal government could sue tribal for-profit lending companies to enforce the Consumer Financial Protection Bureau's subpoena power against them). Indeed, "Indian tribes do not . . . enjoy sovereign immunity from

suits brought by the federal government." *EEOC v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1075 (9th Cir. 2001). Therefore, Plaintiff has failed to even allege that Congress waived Defendants' sovereign immunity or point to any applicable authority suggesting otherwise.

### B. The Tribe Has Not Waived Its Sovereign Immunity.

Tribes or tribal entities like the Washoe Tribe and Tribal Health Center may only be found to have waived their sovereign immunity if that waiver is "unequivocally expressed." *Linneen*, 276 F.3d at 492; *Ramey Construction Co. v. Apache Tribe*, 673 F.2d 315, 319 (10th Cir. 1982); *Merrion v. Jicarrilla Apache Tribe*, 617 F.2d 537 (10th Cir. 1980), *aff'd*, 455 U.S. 130 (1982). Tribal courts agree with federal courts that a waiver of immunity must be expressly stated in writing to be effective. *Boice v. Washoe Tribe*, Case No. C-WT-97-34 (Washoe Intertribal Court of Appeals of Nevada 2001) (holding that as a sovereign, the Tribe was immune from suit by a former employee alleging wrongful discharge); *Martin v. Hopi Tribe*, No. AP-004-95 (Hopi 1996); *Keeswood v. Navajo Tribe*, 2 Nav. R. 46 (Navajo 1979).

Here, Plaintiff's Complaint does not allege that the Tribe or the Tribal Health Center waived their sovereign immunity. The Complaint does not mention a single document, agreement, statement or action demonstrating any intent to waive immunity. Plaintiff cannot point to any source that expresses such a waiver by Defendants, because none exists. In fact, as the Washoe Sovereign Immunity Code makes clear the Tribe and any "Tribal Entity" "possesses all of the privileges, protections, and immunities of the Tribe, including but not limited to taxation, regulatory jurisdiction and civil jurisdiction, except as specifically limited by the Tribal Entity Charter approved by the Tribal Council, <u>including sovereign immunity from lawsuit, action, claim, controversy or process, in any state, federal or Tribal court, forum or tribunal</u>." Washoe Sovereign Immunity Code § 33-30-020 (2018) (concerning the "Sovereign Immunity of Tribal Entities"). Because neither the Washoe Tribe nor the Tribal Health Center has expressly waived Defendants' sovereign immunity, this Court cannot exercise jurisdiction over them and this Complaint must be dismissed.

### C. Plaintiff's Suit Against the Washoe Tribal Health Center Is Likewise Barred Because It Is a Tribal Entity.

Plaintiff's suit against the Washoe Tribal Health Center equates to filing a suit against the Tribe. Under the Washoe law, sovereign immunity extends to all "Tribal Entities," which are defined as "any Tribal branch, office, department, agency, commission, utility, authority, instrumentality, enterprise, corporation, partnership, limited liability company, or similar corporate entity (whether chartered under Tribal, state or federal law), or other entity of the Tribe." Washoe Sovereign Immunity Code § 33-30-020. That the Washoe Tribal Health Center is an integral part of the Washoe tribal government is evident from the administrative structure of the Health Advisory Committee ("HAC"), the Tribal Health Center governing body. According to the HAC Bylaws, the governing charter of the Washoe Tribal Health Center, the HAC was created and authorized by the Tribe pursuant to the Washoe Tribal Council Resolution # 2009-WTC-326. HAC Bylaws § 1.1. Further, members to the HAC are appointed by the Washoe Tribal Council. HAC Bylaws § 3.2(A)(1)-(3). The HAC Bylaws likewise contain absolutely no provision that would in any way limit or impair the sovereign immunity of the Washoe Tribal Health Center. Because the Washoe Tribal Health Center is a tribal entity of the Tribe, it is protected with the same sovereign immunity that otherwise applies to the Tribe. Plaintiff's claim against the Washoe Tribal Health Center is, thus, also barred and must be dismissed.

### D. The Washoe Tribal Courts Are the Proper Venue As Plaintiff Has Failed to Exhaust His Tribal Remedies.

In addition to the Court lacking jurisdiction over Defendants based on their sovereign immunity, the proper venue for Plaintiff to raise his claims is in the Washoe Tribal Courts. Because "exhaustion of tribal remedies is a prerequisite to a federal action," this Court should decline to exercise any jurisdictional powers it may have and dismiss this case. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1229 (9th Cir. 1989). The United States Supreme Court has held that, as a matter of comity, a plaintiff must exhaust its tribal remedies before the claim may be heard by a federal district court. *See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16 (1987); National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S.

845, 855-57 (1985). The Ninth Circuit has enforced that principle staunchly. *See, e.g., United States v. Plainbull*, 957 F.2d 724, 727 (9th Cir. 1992) ("The deference that both state and federal courts must afford tribal courts concerning activities occurring on reservation land is deeply rooted in Supreme Court precedent."); *Wellman v. Chevron U.S.A., Inc.*, 815 F.2d 577, 578 (9th Cir. 1987) ("Considerations of comity require the exhaustion of tribal remedies before the claim may be addressed by the district court."); *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1416 (9th Cir. ) *cert. denied*, 467 U.S. 1117 (1986) (a tribal court has the initial power to determine its own jurisdiction where the undisputed facts show that "the transactions which form the bases for appellants' claims occurred or were commenced on tribal territory"), *see also Davis v. Mille Lacs Band of Chippewa Indians*, 193 F.3d 990, 992 (8th Cir. 1999) (affirming the district court's decision to grant the tribe's motion to dismiss federal and state employment-related claims brought by a former employee against her tribe because she failed to first exhaust her tribal remedies).

Any court action here would "interfere with the powers of self-government conferred upon the . . . Tribe and exercised through the Tribal court." *Fisher v. District Court of Sixteenth Judicial District of Montana,* 424 U.S. 382, 387 (1976). As an autonomous court system, the Washoe Tribal Courts have "subject matter jurisdiction over all civil causes of action" arising within their territorial jurisdiction. WASHOE TRIBE OF NEVADA AND CALIFORNIA LAW AND ORDER CODE, TITLE 1, WASHOE ORDER CODE 1-20-020 (2018) (hereinafter referred to as the "*Washoe Order Code*"), attached as Exhibit C.  However, whether the Tribal Court actually has jurisdiction over this action is irrelevant. "A tribal court presumptively has jurisdiction over activities that take place on tribal land." *Plainbull*, 957 F.2d at 727; *see also Stock West*, 964 F.2d at 919-20 (holding that a merely "colorable," i.e., plausible and apparently valid or genuine, assertion of tribal court jurisdiction suffices to warrant abstention). The Tribal Court, thus, must be left to make that determination for itself. *See, e.g., Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1244 (9th Cir. 1991) ("[T]he initial determination of whether the Tribe has jurisdiction lies with the tribal court alone.").

Plaintiff has not even attempted to seek recourse against Defendants in the Washoe Tribal

Courts. Accordingly, because the proper venue is in the Washoe Tribal Courts, this action must be dismissed.

## V. CONCLUSION

Based on the foregoing, and pursuant to FRCP 12(b)(1) and 12(b)(3), the Washoe Tribe and Tribal Health Center respectfully request this Court dismiss Plaintiff's Complaint.

Dated: June 1, 2018.    SNELL & WILMER L.L.P.

By: _____
William E. Peterson, Bar No. 1528
Janine C. Prupas, Bar No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961

*Attorneys for Defendants Washoe Tribe of Nevada and California, and the Washoe Tribal Health Center*

# CERTIFICATE OF SERVICE

On June 1, 2018, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.

I further certify that I have mailed the foregoing document by First-Class Mail, postage fully prepaid, to the following:

DENNIS G. CHAPPABITTY
OK Bar Association #1617
P.O. Box 2050
Elk Grove, CA 95759
(916) 682-0575 (phone/fax)
dennis@chaplaw.us

*Attorney for Plaintiff*

An employee of SNELL & WILMER L.L.P.

# INDEX TO EXHIBITS

| Exhibit No. | Title of Exhibit |
| --- | --- |
| A. | Law & Order Code – Title 33 Washoe Sovereign Immunity Code |
| B. | Bylaws of Washoe Tribal Health Center Health Advisory Committee |
| C. | Law & Order Code – Title 1 Washoe Tribal Court |